# Asbury B. Porter, plaintiff in error, *vs.* Thomas W. Lane, defendant in error.

### *Error to Henry.*

The addition of the similiter is mere matter of form and is not ground of error, after trial by consent especially.

If demurrers are undisposed of when parties go to trial upon issues of fact, they will be considered as waived by the demurant, and the Supreme Court will not disturb the judgment below in consequence of such irregularity.

This was an action of debt brought by Lane against Porter, in the District Court of Henry county, upon a prommissory note for $100,

given by Porter to Lane, November 24, 1838, payable one day after date.

The cause was tried at the September term 1841, before Judge Mason, and judgment for plaintiff.

Porter, plaintiff in error, by HALL, his attorney, assigns :

1. There were no issues made up upon which this case can be decided.

2. There is no assessment of damages, either by the court, clerk or jury.

G. W. TEAS, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE—The first error assigned by the plaintiff in error, is, that there were no issues made up upon which the case was decided. The defendant below, who is the plaintiff here, had filed two special pleas. To these there were special demurrers and also general replications, broadly traversing the allegations of those pleas, and concluding to the country. The addition of the similiter was a mere matter of form, the omission of which does not render the proceedings substantially defective; especially after going to trial by consent.

The fact, that the demurrers of the defendant in error were undisposed of, cannot be successfully objected to here. By consenting to go to trial on issues of fact, the party filing the demurrers must be understood as having waived them, for they should have been disposed of before the issues of fact were taken up, if they were to have been considered at all. At all events no objection can be taken by the plaintiff in error, on account of the demurrers to his plea never having been taken up and decided upon.

The other error assigned is that there is no assessment of damages, either by the court, clerk or jury. The record shows that the case was submitted to the court, and judgment rendered for the plaintiff for the sum of one hundred dollars debt, and six dollars and seventy-five cents damages. Now if this submission was in relation to the issue of fact, there has clearly been no error so far as appears from the record. The case was submitted and judgment rendered for the plaintiff below. It is contended there was no assessment of damages by the court; but how does that fact appear? The record states no such thing. The cour must have arrived at the amount of the verdict in some manner or other.

After finding for the plaintiff, the amount was the subject of computation. There is no allegation that any error was made in that computation. It is immaterial therefore, in what manner the result was reached. We see no eror in the case. The judgment below will be affirmed.